IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 29, 2005

## GROVER L. DUNIGAN v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 252621    Jon Kerry Blackwood, Judge**

_____

**No. E2005-01574-CCA-R3-PC - Filed February 23, 2006**

_____

Petitioner, Grover L. Dunigan, filed a *pro se* petition for post-conviction relief, alleging that he received the ineffective assistance of counsel regarding his conviction for second degree murder. The post-conviction court dismissed the petition without a hearing on the grounds that the petition was time-barred. In this appeal, Petitioner argues that due process requires tolling the statute of limitations because his trial attorney never told him that the supreme court had denied his Rule 11 application. After a thorough review of the record, we find that the lower court properly dismissed the petition. Therefore, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOSEPH M. TIPTON, J., joined.

Grover L. Dunigan, Henning, Tennessee, *pro se*.

Paul G. Summers, Attorney General and Reporter; David E. Coenen, Assistant Attorney General; and William H. Cox, III, District Attorney General, for the appellee, State of Tennessee.

### OPINION

According to the petition for post-conviction relief, Petitioner was indicted for first degree murder and a Hamilton County Criminal Court jury convicted him of the lesser included offense of second degree murder. The trial court sentenced Petitioner to twenty-five years at 100% as a violent offender. This court affirmed his conviction on appeal. *See State v. Grover Lee Dunigan*, No. E2002-00108-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 739 (Tenn. Crim. App., at Knoxville, Aug. 29, 2002). Our supreme court denied Petitioner's application for permission to appeal on January 27, 2003.

On January 31, 2005, Petitioner filed a *pro se* petition for post-conviction relief, alleging that his trial counsel was ineffective for failing to investigate his case adequately and for not filing

appropriate pretrial motions. Regarding the motions, Petitioner alleged that his trial attorney should have filed a motion to dismiss the indictment because the indictment for first degree murder failed to allege that Petitioner acted deliberately and, therefore, the trial court lacked jurisdiction to convict him. Petitioner also recognized that the petition was being filed outside of the one-year statute of limitations. However, he argued that due process required tolling the statute of limitations because Petitioner's trial attorney failed to notify him that counsel was withdrawing from his case and never told him that our supreme court had denied his application for permission to appeal. According to the petition, "Petitioner was unaware of such process, because counsel never informed the Petitioner that his case was even in the Supreme Court." He claimed that on January 17, 2005, he discovered from a prison library computer that the supreme court had denied his Rule 11 application.

In its order dismissing the petition, the trial court held that Petitioner filed the petition outside the statute of limitations and that no statutory exception to the limitations period applied. The trial court noted that this case was unlike *Williams v. State*, 44 S.W.3d 464, 471 (Tenn. 2001), in that trial counsel did not mislead Petitioner "into believing that counsel was continuing the appeals process; counsel did, in fact, continue the appeals process." Regarding Petitioner's jurisdiction claim, the trial court held that even if it treated the petition for post-conviction relief as a habeas corpus petition, Petitioner still would not be entitled to relief because a 1995 amendment to the first degree murder statute eliminated the element of deliberation.

Petitioner timely appealed to this court. He contends that on February 11, 2003, approximately two weeks after the supreme court denied his application for permission to appeal, his trial attorney sent him a letter, informing him that his Rule 11 application had been denied. However, the attorney sent the letter to him, "in care of" Petitioner's sister's home and Petitioner's sister never relayed the information to him. Meanwhile, Petitioner continued to wait for word from his attorney regarding his Rule 11 application. According to Petitioner's brief, in October 2004, Petitioner sent a letter to his trial attorney requesting information on the status of his case. In late 2004, Petitioner's trial attorney informed him that the supreme court had denied his application for permission to appeal. Petitioner contends that due process required tolling the statute of limitations until late 2004, when he learned that the supreme court had denied his Rule 11 application. In support of his claim, Petitioner has attached two exhibits to his appellate brief. "Exhibit A" is a copy of a February 11, 2003 letter from Petitioner's trial attorney, addressed to Petitioner "c/o Annette Jackson" in Chattanooga and informing Petitioner that his application for permission to appeal to the supreme court had been denied. "Exhibit B" is a copy of a February 18, 2005 letter from Petitioner's trial attorney, addressed to Petitioner at the West Tennessee State Penitentiary and enclosing a copy of the February 11, 2003 letter.

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgment in any way of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. Claims for post-conviction relief must be filed "within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred." T.C.A. § 40-30-102(a). However, "in certain circumstances, strict application of the statute of limitations would deny a defendant a reasonable opportunity to bring a

2

post-conviction claim and thus, would violate due process." *Williams*, 44 S.W.3d at 468. Our supreme court has "emphasized that a post-conviction petitioner should not be denied a reasonable opportunity to raise a claim due to another's misconduct." *Sample v. State*, 82 S.W.3d 267, 275 (Tenn. 2002).

In *Williams*, the petitioner filed a petition for post-conviction relief five months after the statute of limitations had expired. However, he claimed that counsel had failed to notify him of his intent to withdraw after this court affirmed the petitioner's convictions on direct appeal. 44 S.W.3d at 466 n.4. Counsel also failed to file an application for permission to appeal to the Tennessee Supreme Court. *Id.* Our supreme court reversed the trial court's dismissal of the petition and remanded the case for an evidentiary hearing, noting that "the record indicates that [the petitioner] might have been denied the opportunity to challenge his conviction in a timely manner through no fault of his own but because of the possible misrepresentation of his counsel." *Id*. at 468. The court stated, "[i]f a defendant erroneously believes that counsel is continuing to represent him or her, then the defendant is essentially precluded from pursuing certain remedies independently." *Id.* at 469. However, the court also noted that it was "not holding that a petitioner may be excused from filing an untimely post-conviction petition as a result of counsel's negligence." *Id*. at 468 n.7.

The State argues that the facts in the instant case are similar to those in *Bronzo Gosnell, Jr. v. State*, No. E2004-02654-CCA-R3-PC, 2005 Tenn. Crim. App. LEXIS 897 (Tenn. Crim. App., at Knoxville, Aug. 19, 2005), *perm. to appeal denied* (Tenn. Dec. 19, 2005). In that case, the petitioner filed a post-conviction petition outside the one-year statute of limitations, claiming that his trial counsel never notified him that an application for permission to appeal had been filed to the supreme court or that the court had denied the application. *Id*. at \*2. This court distinguished the case from *Williams*, stating that

> the *Williams* holding was based on counsel's failure to inform the petitioner that counsel had decided to abandon the direct appeal. Whereas, here, the appellate process was complete, and counsel, allegedly, failed to inform the Petitioner of the outcome of his Rule 11 application for permission to appeal. Consequently, if the facts as alleged in the Petitioner's petition are taken as true, the Petitioner is not entitled to relief, because the petition alleges negligence on the part of his counsel, not misrepresentation.

*Id*. at \*12-13 (citation omitted).

Initially, we note that documents attached to an appellate brief but not included in the record on appeal cannot be considered by this court as part of the record on appeal. *See State v. Matthews*, 805 S.W.2d 776, 783-84 (Tenn. Crim. App. 1990). In any event, in the instant case, Petitioner contends that his trial attorney failed to notify him as to when his application for permission to appeal to the supreme court had been denied. Thus, he alleges that through no fault of his own, he was unaware of the date that the statute of limitations to file a post-conviction petition had begun to run. However, as in *Gosnell*, the petition in this case alleges negligence on the part of his trial

counsel, not misrepresentation.  Thus, the trial court properly dismissed the petition without an evidentiary hearing.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

_____

THOMAS T. WOODALL, JUDGE